UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN RE: MOTION TO QUASH SUBPOENA, REQUEST FOR PROTECTIVE ORDER IN THE CASE OF: <br><br> EDNA-ALLEN and VICKI ALLEN-HUGHES, <br><br> Plaintiffs, <br><br> v. <br><br> WYNDHAM WORLDWIDE OPERATIONS, INC., et al., <br><br> Defendants. | No. 3:19-MC-27-TAV-DCP |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 8] by the District Judge.

Now before the Court is a Motion to Quash Subpoena, Request for Protective Order [Doc. 1], filed by Keven and Patricia Monroe ("Movants"). Defendants have responded in opposition to the Motion [Doc. 13], and Movants filed a Reply [Doc. 18]. The Motion is ripe for adjudication.

By way of background, the Motion was originally filed in the Western District of Kentucky. Along with other requests for relief, Movant requested that the Motion be transferred to the Eastern District of Tennessee. In response, Defendants consented to transferring Movant's Motion to the instant forum. On June 18, 2019, Senior District Judge Joseph McKinley, Jr., transferred the Motion. The Court has considered the filings in this matter, and for the reasons set forth below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion [**Doc. 1**].

**I.     POSITIONS OF THE PARTIES**

Movants request [Doc. 1][1] that the Court quash a subpoena setting their depositions for May 22, 2019.[2] In addition, Movants request a protective order prohibiting Defendants from taking their depositions in this case. Movants state that they were originally listed in the initial disclosures exchanged in this case as individuals having relevant knowledge of the facts, but Plaintiffs revised their initial disclosures and removed their names. Movants deny that they have knowledge of any relevant facts in this matter. Movants state that they filed their own case against Defendants in the Middle District of Tennessee and answered written discovery, so Defendants already know about their experience in buying a timeshare. Movants argue that Defendants do not need their deposition to defend the instant matter and that subpoenaing their depositions was to annoy, oppress, and burden them. Movants state that Defendants are acting in bad faith and are trying to increase the costs of the litigation.

Defendants filed a Response [Doc. 13], agreeing to hold the subpoena in abeyance until the completion of Plaintiffs' depositions in this action or the related cases in order to further establish the basis regarding the relevancy of information sought from Movants. Defendants agree to work with Plaintiffs' counsel in an attempt to reach an agreement as to the timing and scope for such depositions in order to avoid the necessity of further involvement of the Court. Defendants argue that their subpoenas to Movants were proper and that the scope of non-party discovery is broad. Defendants sought to depose Movants in support of their defenses in the cases pending in the Eastern District of Tennessee. Defendants argue that Movants' testimony were not sought in

---

[1] The Court notes that Movants filed their Motion pro se. After the case was transferred, Attorney Givens filed Movants' Reply on their behalf.

[2] Defendants agreed to postpone the deposition, pending the Court's ruling on the Motion.

relation to the merits of their now dismissed lawsuit; but rather, their knowledge of timeshare relief company solicitation. Defendants argue that such information is highly probative of their defenses because they believe that timeshare companies wrongfully solicited individuals to file lawsuits. Defendants list a number of questions, claiming that such questions go to the heart of their affirmative defenses, the various plaintiffs' motives in filing lawsuits, and plaintiffs' credibility.

Defendants maintain that the subpoenas directed to Movants were made in good faith because Defendants believe that Movants are uniquely suited to provide testimony that will lead to the discovery of information relevant to timeshare relief companies and Defendants' defenses. Defendants state that Movants filed their own case in the Middle District of Tennessee but dismissed the case with prejudice just two weeks before depositions. Defendants state that during Movants' depositions, they would have questioned them regarding what, if any, contact they had with timeshare relief companies. Defendants state that to the extent any improper legal solicitation pervades these cases, Movants are unique, non-parties that likely have knowledge of the wrong doing. Defendants state that Movants' dismissal of their own case on the eve of depositions is highly suspicious, and Defendants believe that dismissal is correlated with Movants' knowledge of improper solicitation by timeshare relief companies. Defendants assert that such gamesmanship in discovery is disfavored.

Further, Defendants argue that Movants' depositions are proportional to the needs of this case for similar reasons as above. Specifically, Defendants argue that Movants are uniquely suited to provide Defendants with information related to the timeshare relief companies, which is highly probative of their defenses. Defendants state that Movants will not be unduly burdened by sitting for depositions. Defendants state that the subpoenas provided them ample time to prepare or schedule a different date if they had a conflict and the topics were limited in scope. Defendants

3

state that the information relative to the non-attorney timeshare relief companies is neither confidential, nor privileged.

Movants filed a Reply [Doc. 12], maintaining that the Court should enter a protective order prohibiting their depositions. Movants state that in a letter to Defendants, their counsel unequivocally acknowledged that Movants will not be used as witnesses to support any claim or defense in this case or any cases presently pending. Further, Movants maintain that their names were removed from Plaintiffs' initial disclosures. Movants assert that Defendants' request for their deposition is simply a fishing expedition and argues that Defendants failed to articulate how their depositions are relevant to this specific case. Movants assert that Defendants cannot establish that their testimony is relevant under Federal Rule of Evidence 401. Movants state that if Defendants want to discover relevant evidence in this case, they can simply ask Plaintiffs whether timeshare relief companies solicited them. Movants state that it strains credulity for Defendants to argue that the best way of procuring data for these nominal, undifferentiated defenses in this case is to depose them.

## II. ANALYSIS

Accordingly, the Court has considered the positions as outlined above, and for the reasons more fully explained below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion [**Doc. 1**]. As mentioned above, the Motion seeks two types of relief: (1) quashing the subpoena, and (2) entering a protective order prohibiting Defendants from taking Movants' deposition. The Court will first address Movants' request to quash the subpoena and then turn to the request to prohibit Defendants from taking their depositions.

As an initial matter, in Defendants' Response, they agree to hold the subpoena in abeyance until after the completion of Plaintiffs' depositions in this action or the related cases in order to

further establish the basis regarding the relevancy of information sought from Movants. Defendants further agree to work with Plaintiffs' counsel in an attempt to reach an agreement as to the timing and scope for such depositions in order to avoid the necessity of further involvement of the Court. While Defendants agree to hold the subpoena in abeyance, the Court finds that the better course of action is to **QUASH** the subpoena, which sets the deposition for May 22, 2019, and includes document requests, and permit Defendants to issue another subpoena if they believe such discovery is warranted under Rule 26(b).

Further, Movants seek a protective order prohibiting their depositions in this case. Under Rule 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Further, good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought . . ." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)); *see also In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013) ("To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient."). "The burden of establishing good cause for a protective order rests with the movant." *Nix*, 11 Fed. App'x at 500.

In the instant matter, Movants primarily assert that their deposition testimony is not relevant to the issues in this case. "Although irrelevance . . . [is] not specifically listed under Rule 45 as a basis for quashing a subpoena, courts 'have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.'" *Medical Center at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (quoting *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)). Relevancy for discovery

purposes, however, is traditionally quite broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

At this time, the Court finds that Movants have not established good cause for prohibiting their depositions from ever taking place in this case. As explained above, the Court has quashed the present subpoena, and Defendants have agreed to continue with discovery and reassess the relevancy for Movants' depositions after completing additional discovery. Thus, ruling on the relevancy of Movants' deposition at this time is premature. If Defendants serve Movants with another subpoena for their deposition testimony, they may move to quash the subpoena at that time. Accordingly, the Court declines to enter a protective order prohibiting Defendants from taking Movants' depositions.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Movants' Motion to Quash, Request for Protective Order [**Doc. 1**]. The subpoena is hereby **QUASHED**, but the Court declines to enter a protective order at this time. The case will remain open pending any future discovery disputes.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge